IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 DEC 17 AM 9:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

TOMMIE WILLIAM SANDERS,   )
                         )
    Petitioner,           )
                         )
v.                       )   CIVIL ACTION NO. 99-S-0994-S
                         )
WARDEN BILLY MITCHEM,     )
DONALDSON CORRECTIONAL    )
FACILITY, and BILL PRYOR, )
ATTORNEY GENERAL FOR THE  )
STATE OF ALABAMA,         )
                         )
    Respondents.          )

ENTERED
DEC 17 1999

## MEMORANDUM OF OPINION

This is the third petition for a writ of habeas corpus filed by Tommie William Sanders ("the petitioner"). He challenges the validity of various narcotics convictions he received in the Circuit Court of Jefferson County on May 17, 1985. The matter was referred to a magistrate judge for preliminary review and recommendation. Before the court is the "Magistrate Judge's Report and Recommendation" and the petitioner's objections thereto.

Reviewing the petitioner's original allegations, the magistrate judge stated:

> Title 28, United States Code, Section 2244(d), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), established for the first time a one-year deadline for the filing of habeas corpus actions under § 2254, challenging the validity of state criminal

convictions. It provides that the one-year limitation period is subject to tolling under § 2244(d)(2), which states, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Where a petitioner's state conviction became final prior to the effective date of the AEDPA, the one-year statute of limitations commences on April 24, 1996, and expires on April 23, 1997. *Wilcox v. Florida Department of Corrections,* 158 F.3d 1209, 1211 (11th Cir. 1998).

Allowing the petitioner the full benefit of the considerations, at best, his 1985 convictions became final forty-two days after pronouncement of his sentence by Judge Hard [on resentencing] on November 27, 1991. The petitioner had an additional forty-two days from that date until about January 7, 1992, to file an appeal. *See Ala. R. App.* 4(b)(1). Because he did not appeal, the convictions became final on that day.

The petitioner's present application for a writ of habeas corpus, challenging his 1985 convictions, is untimely. He waited until April 21, 1999, to file the petition. This is over fourteen years after his original convictions, almost eight years after his re-sentencing became final, over three years after the effective date of AEDPA, and, most importantly, over two years after any allowable grace period. As the petition is time barred, it cannot be reviewed by this court and must be dismissed.

(Doc. 20, pp. 6-7).

I. DISCUSSION

The petitioner objects to the "Magistrate Judge's Report and Recommendation" on three grounds. First, he states that the procedural history outlined by the magistrate judge is not complete

2

in that it fails to include the state court actions he filed following the dismissal of his last habeas corpus petition by this court on September 10, 1998.[1] (Doc. 21, p. 1). Having fully considered the additional procedural history outlined by the petitioner in his objections, the court finds that the present petition is still time-barred by the applicable statute of limitations. The petitioner's October 28, 1998, state post-conviction challenge under Rule 32 of the *Alabama Rules of Criminal Procedure* and his subsequent appeal were not timely filed and do not toll the running of the applicable federal limitations period in this case. On that date, the federal habeas claims the petitioner asserts here were also time-barred under 28 U.S.C. § 2244(d)(1), even considering the applicable grace period allowed under *Wilcox*, 158 F.3d 1209. The petitioner's first objection is thus without merit.[2]

In his second objection, the petitioner complains that the

---

[1] The petitioner states that his last petition was dismissed on October 10, 1998. The actual date of the dismissal was September 10, 1998.

[2] The petitioner's challenges to his November 27, 1991 resentencing and to his June 27, 1997 conviction and sentence in *Tommie William Sanders v. Warden Lionel Davis, et al.*, CV 97-N-2770-S, which was dismissed on September 10, 1998, do not toll the running of the statute of limitations on his present challenges to the 1985 convictions.

3

magistrate judge "misrepresented" his claims. Specifically, he asserts that the magistrate judge incorrectly stated that one of his claims for relief concerned his November 27, 1991, resentencing. At one point in the report, the magistrate judge incorrectly used the November 27, 1991 date (*see* doc. 20, p. 5). However, it is evident that was a scrivener's error and it does not change the results in this matter. The report makes it clear that the magistrate judge was aware that the petitioner is challenging his 1985 convictions (*see id.* at pp. 1, 6-7).

Lastly, the petitioner asserts that the petition is not time-barred because the tolling provisions of 28 U.S.C. § (d)(2) were "triggered by the filing of the October 28, 1998, Rule 32 petition in the Circuit Court of Jefferson County." (Doc. 21, pp. 4-5). As already stated, the time for filing a federal habeas corpus petition can be extended in certain instances. The limitations period is subject to tolling under § 2244(d)(2), when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Subsection 2244(d)(2) provides for the tolling of the limitation period only during those times the petitioner has pending a "properly filed" post-conviction petition in state court.

4

The term "properly filed application" is not defined by the statute.

The petitioner's October 28, 1998, Rule 32 petition does not toll the statute of limitations because the period for filing a federal habeas corpus petition expired prior to October 28, 1998. Additionally, the October 28, 1998, Rule 32 petition was not "properly filed." The objections to the report and the recommendation submitted by the petitioner state that Jefferson County Circuit Judge James Hard dismissed the 1998 petition as being time-barred by the two year statute of limitations for filing Rule 32 petitions. *Ala. R. Crim. P.* 32.2(c). The objections also state that the Alabama Court of Criminal Appeals affirmed the dismissal. Under the circumstances, this court finds that the Rule 32 petition was not "properly filed" and would not toll the federal statute of limitations even if it had not already expired. The petitioner is not entitled to any relief premised on his last objection.

## II. CONCLUSION

The court has considered the Magistrate Judge's Report and Recommendation and the petitioner's objections, along with all of the other pleadings, and has reached an independent conclusion that the present petition for a writ of habeas corpus is due to be

5

dismissed with prejudice. An appropriate order will be entered.

DONE, this __16th__ day of December, 1999.

_____
UNITED STATES DISTRICT JUDGE